UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-71-KKC

RODNEY LEWIS NEWCOMB, PETITIONER,

V. **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

KIMBERLY WHITLEY[1], WARDEN, RESPONDENT.

### I. INTRODUCTION

Petitioner, Rodney Newcomb, a prisoner currently incarcerated at the Frankfort Career Development Center, located in Frankfort, Kentucky, filed herein a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Carroll Circuit Court. [R. 1.] Respondent subsequently filed a motion to dismiss Petitioner's petition as time-barred. [R. 14.] Fully briefed, Respondent's motion to dismiss is now ripe for review. For the reasons set forth below, it will be recommended that Respondent's motion to dismiss [R. 14] be denied.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 17, 1999, the Carroll Circuit Court sentenced Petitioner to a total of twenty-five (25) years in prison pursuant to his convictions stemming from two (2) separate indictments. [See R. 14, Appendix ("App.") 1-3.] Petitioner did not pursue an appeal. On August 5, 2002, Petitioner filed a post-conviction motion to vacate pursuant to Ky. R. Crim. P. 11.42. [R. 14, App.

---

[1] The Court takes judicial notice of the fact that Kimberly Whitley is the Warden of the Frankfort Career Development Center where Petitioner is currently housed. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court shall be directed to substitute Warden Whitley as the Respondent Warden in this action.

21-23.] The trial court denied Petitioner's motion [R. 14, App. 24], and the Kentucky Court of Appeals affirmed the trial court's denial [R. 14, App. 27-39]. Petitioner subsequently filed a motion for rehearing, which was denied. [R. 14, App. 40.] The Kentucky Supreme Court denied Petitioner's request for discretionary review. [R. 14, App. 41.]

On October 12, 2006, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. [R. 1.] After receiving an extension of time [R. 13], Respondent filed a motion to dismiss with an attached appendix containing portions of Petitioner's state court record [R. 14]. Therein, Respondent contends that Petitioner's petition for habeas corpus is barred by the statute of limitations. [Id.] Petitioner then filed a response to Respondent's motion to dismiss, asserting that he is entitled to statutory and/or equitable tolling of the limitations period. [R. 16.] At the Court's direction [R. 17], Respondent filed a reply to Petitioner's response. [R. 21.] Finally, although not provided for in the Court's Local Rules, Petitioner filed a sur-reply to Respondent's motion to dismiss. [R. 23.] Thus, fully briefed, Respondent's motion to dismiss [R. 14] is now ripe for review.

### III. ANALYSIS

A. Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a one-year statute of limitations, in 28 U.S.C. § 2244(d)(1), applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. This one year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action

>in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, a conviction becomes final for § 2244 purposes when direct review concludes, not when the petitioner has exhausted all state remedies. Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Moreover, application of this one year period does provide a petitioner with a reasonable time in which to file even if the petitioner does not receive notice of the requirement. Cook v. Stegall, 295 F.3d 517, 519-20 (6th Cir.) (no due process violation), cert. denied, 537 U.S. 1091 (2002).

In this case, the Carroll Circuit Court entered a final judgment against Petitioner on December 17, 1999. [R. 14, App. 1-3.] Pursuant to Ky. R. Civ. P. 73.02(1)(a), Petitioner had thirty (30) days from the date on which the final judgment was entered to file a notice of appeal. See also Ky. R. Crim. P. 12.02 (applicability of Civil Rules). As noted above, however, Petitioner did not file an appeal. Accordingly, Petitioner's conviction became final on January 16, 2000.

That date then commenced the one-year limitations period. Petitioner was, therefore, required to file his petition no later than January 16, 2001. It follows that Petitioner's petition, filed on October 12, 2006 [R. 1], is untimely, a fact which Petitioner appears to concede [see R. 16 at 3]. Consequently, the instant petition can only be deemed timely if Petitioner was entitled to statutory

3

or equitable tolling of the limitations period.[2]

In his response, Petitioner raises precisely those arguments. Petitioner contends that, based on statutory tolling, his petition is timely filed when the limitations period is calculated from the date of the removal of a state-created impediment, to wit, the absence of AEDPA materials from the prison library. See 28 U.S.C. § 2244(d)(1)(B). Alternatively, Petitioner asserts that the limitations period should be equitably tolled in this case.

B. Statutory Tolling

Petitioner argues that he is entitled to statutory tolling of the one-year limitations period. Although Petitioner concedes that he did have access to some federal statutory and case law resources, he maintains that all of the available materials predated the AEDPA and were not updated with pocket parts. The absence of the AEDPA from the prison law library, according to Petitioner, constituted a state-created impediment that prevented him from filing his habeas petition and should result in the tolling of the limitations period.

As noted above, Petitioner, relying on 28 U.S.C. § 2244(d)(1)(B), maintains that a state-created impediment prevented him from filing his habeas petition. To satisfy that section, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003). Although § 2244(d) does not define what constitutes an "impediment," the plain language of the

---

[2] Petitioner indicates that he filed a state post-conviction motion to vacate pursuant to Ky. R. Crim. P. 11.42 on August 5, 2002. [R. 16 at 3.] That motion, however, did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2) because there was no time left to toll. See McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003) (filing a state post-conviction action can toll the statute of limitations, but it does not restart the limitations period); see also Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (tolling provision does not revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run).

4

statute makes clear that whatever constitutes an impediment must **prevent** a prisoner from filing his petition.  Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis added).

In response to Respondent's motion to dismiss, Petitioner argues that his situation is almost identical to that of the petitioner in Egerton, 334 F.3d 433.  In Egerton, the petitioner filed his petition after the one-year limitations period, and the state moved to dismiss the petition.  In response, the petitioner alleged that the prison library facilities were inadequate and "lacked the federal materials necessary for him to pursue federal habeas relief."  Id. at 435.  The district court concluded that there was no basis for statutory or equitable tolling and dismissed the petition as untimely.  The Fifth Circuit subsequently remanded the case for further development of the record.  Id.  On remand, the magistrate judge found that "there was 'no evidence to support a finding that [petitioner] had actual knowledge of the [statute of limitations] prior to the expiration.'"  Id. at 436.  Specifically, the magistrate judge noted that the state failed to provide any evidence regarding whether the prison library actually contained the statute of limitations.  Id.  Reviewing the further developed record, the Fifth Circuit held that an inadequate prison law library may constitute a state-created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B).  Id. at 439.  Thus, the Fifth Circuit concluded that Egerton's one-year limitation period did not begin to run until he was transferred to a facility where a copy of the AEDPA was available.  Id.

Here, the facts of the instant case are indeed similar to those in Egerton.  Petitioner alleges that the law library in the institution where he was held when the limitations period began, the Western Kentucky Correctional Complex ("WKCC"), was inadequate.  Specifically, he contends that the library did not have a copy of the AEDPA or updated federal case or statutory law.

Petitioner further denies any actual or constructive knowledge of the AEDPA or its limitations period.  Petitioner has also attached copies of two letters submitted to prison officials expressing concern over outdated federal materials and requesting that updated federal materials be provided in the prison library.  [R. 23, Exs. 1-2.]

In her reply, Respondent argues that Petitioner was not prevented from filing his habeas petition due to an inadequate library.  [See R. 21 at 2.]  Respondent also asserts that even if the law library lacked a copy of the AEDPA, it contained sufficient materials for Petitioner to file his habeas petition.  [Id.]  Additionally, Respondent has attached the affidavits of several members of the prison staff as well as copies of policies concerning the library and inventories of the library during the relevant time period.

Importantly, however, Respondent has not submitted any concrete evidence that a copy of the AEDPA was actually available in the prison library during the time that Petitioner's one-year limitations period was running or that Petitioner had actual knowledge of the AEDPA prior to the expiration of said limitations period.  The affidavits attached to Respondent's reply are essentially vague statements related to routine practices at the prison law library.  Nowhere to be found is an affirmative statement that a copy of the AEDPA was available in the library, and therefore accessible to Petitioner, during the relevant time.  Similarly, the inventories attached to Respondent's reply suffer from the lack of specificity.  While the inventories confirm the presence of many federal materials which could potentially contain at least some information about the AEDPA, they lack specific dates and/or edition references which would allow the Court to determine conclusively that the AEDPA was available.

Based on the evidence in the record, the Court simply cannot find that the AEDPA was

available to Petitioner at WKCC's library while his one-year limitations period was running. That Petitioner timely filed a Ky. R. Crim. P. 11.42 motion asserting some of the same claims as raised in the instant petition is of little consequence. As noted by the court in Whalem/Hunt v. Early, 233 F.3d 1146, 1149 (9th Cir. 2000) (en banc) (per curiam), a petitioner's knowledge of the legal bases for a claim is not the same as knowledge of the procedural rules that must be complied with to get a hearing on the merits. See id. at 1148 (holding that a *pro se* petitioner's lack of knowledge of the one-year statute of limitations coupled with the unavailability in the prison law library of a copy of the law setting forth the limitations period may constitute a state-created impediment for purposes of § 2244(d)(1)(B) and grounds for equitable tolling). Thus, although quite narrow, the Fifth Circuit's holding in Egerton is equally applicable here: a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render Newcomb's petition time-barred, constitutes an "impediment" for purposes of invoking § 2244(d)(1)(B). See Egerton, 334 F.3d at 438-39.

The inquiry does not end here, however. Having determined that Petitioner is entitled to statutory tolling of the limitations period based on a state-created impediment, the limitations period must be recalculated in light of that tolling. Petitioner contends that he did not have access to the AEDPA until February 25, 2005, the date on which he first obtained access to Westlaw. Because Petitioner had a properly filed state post-conviction motion pending when the impediment was removed, the limitations period would be tolled until November 16, 2005, when the Kentucky Supreme Court denied discretionary review of his Ky. R. Crim. P. 11.42 motion. See 28 U.S.C. § 2244(d)(2). After accounting for the time to seek relief in the United States Supreme Court, Petitioner's one-year limitations period did not actually begin to run until February 14, 2006. See

7

Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), cert. denied, 541 U.S. 1070 (2004) (statute is tolled during the ninety days after the state supreme court's decision during which time a defendant could have petitioned the Supreme Court for review).  Thus, the instant petition [R. 1] filed on October 12, 2006, is timely.

      C. Equitable Tolling

Notwithstanding the conclusion above, the undersigned will now address whether Petitioner is entitled to equitable tolling of the one-year limitations period.  Petitioner reiterates that he did not have access to the AEDPA or current federal law resources.  He alleges that he did not have actual or constructive knowledge of the one-year limitations period.  Petitioner further suggests that he acted diligently in pursuing his post-conviction claims and that extraordinary circumstances prevented the timely filing of his habeas petition, thus warranting equitable tolling.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate."  Souter v. Jones, 395 F.3d 577, 588 (6th Cir. 2005) (quoting Allen v. Yukins, 366 F.3d 396, 401 (6th Cir.), cert. denied, 543 U.S. 865 (2004); see also Dunlap v. United States, 250 F.3d 1001, 1003 (6th Cir.), cert. denied, 534 U.S. 1057 (2001).  The Sixth Circuit has cautioned, however, that the doctrine of equitable tolling should be used "sparingly" – typically "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).  See also Cook, 295 F.3d at 521; Dunlap, 250 F.3d at 1008.  Moreover, "[t]he petitioner bears the burden of demonstrating that he is entitled to equitable tolling."  McClendon, 329 F.3d at 494.

The Supreme Court has "allowed equitable tolling in situations where the claimant has

8

actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). However, "[w]e have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." Id.; cf. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Ultimately, a litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. Pace v. DeGuglielmo, 544 U.S. 408, 418 (2005).

In determining whether equitable tolling should apply, a court must consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap, 250 F.3d at 1008 (citing Andrews v. Orr, 851 F.2d 146, 152 (6th Cir. 1988)). This list, however, "is not necessarily comprehensive, and not all factors are relevant in all cases." Vroman, 346 at 605.

As discussed above, the Court has concluded that Petitioner lacked both notice and constructive knowledge of the filing requirement set forth in the AEDPA. Petitioner's contentions concerning the lack of the AEDPA and other updated federal materials have not been sufficiently rebutted by the Respondent. That the prison's policy is to maintain updated materials and provide the prisoners access to federal resources does not establish that the AEDPA was actually available to Petitioner during the relevant time period. In fact, the letters Petitioner sent to prison officials

9

requesting updated federal materials tend to suggest otherwise. Those letters also demonstrate a degree of diligence on Petitioner's part in pursuing his rights. At a minimum, they are indicative of an effort to acquire knowledge related to current federal laws. Moreover, once Petitioner became aware of the applicable limitations period, he diligently pursued his rights.

Because the first three factors weigh in favor of equitable tolling, it is appropriate to consider potential prejudice to the Respondent. See Vroman, 346 F.3d at 605 (absence of prejudice to the respondent is to be considered only after a factor that might justify tolling is identified). Respondent, however, does not present any argument concerning prejudice. Regardless, as the Sixth Circuit noted, "it is difficult to claim that forcing the warden to make an argument on the merits of [petitioner's] petition will be prejudicial to the state's cause." Griffin, 399 F.3d at 637-38. Therefore, in reviewing the relevant factors, the undersigned concludes that equitable tolling is appropriate in this case. As set forth in the discussion concerning statutory tolling, Petitioner's petition is deemed timely filed when the limitations period is tolled until he had access to the AEDPA via Westlaw in February 2005.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that Respondent's motion to dismiss [R. 14] be DENIED. It is further recommended that Respondent be directed to respond to the petition [R. 1] in the form of an answer pursuant to Rule 5 of the Rules Governing Section 2254 Proceedings in the United States District Courts within thirty (30) days from the date of the order addressing the instant Report and Recommendation.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d

628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed June 29, 2007.

Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge