UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-71-KKC

RODNEY LEWIS NEWCOMB,                                                    PETITIONER,

vs.                                          **ORDER**

KIMBERLY WHITLEY,[1] Warden,                                             RESPONDENT.

\* \* \* \* \* \* \* \*

This matter is before the Court on a Motion to Dismiss filed by the Respondent (Rec. No. 14); the Magistrate Judge's Report and Recommendation (Rec. No. 24) recommending that the Motion to Dismiss be denied; and the Respondent's objections to the Report and Recommendation (Rec. No. 25).

**I. BACKGROUND**

On December 17, 1999, the Petitioner was sentenced to twenty-five years imprisonment in Carroll Circuit Court following his conviction for several drug offenses. Petitioner did not appeal the judgment of the Carroll Circuit Court, however, on August 5, 2002, he filed a post-conviction motion to vacate. On September 3, 2002, the trial court denied the motion to vacate. The Petitioner appealed and the Kentucky Court of Appeals affirmed the trial court's denial of the motion on August 7, 2003. On November 16, 2005, the Kentucky Supreme Court denied discretionary review.

On October 12, 2006, Petitioner filed the instant petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On February 9, 2007, Respondent filed a Motion to Dismiss arguing that Petitioner's petition for writ of habeas corpus is time barred pursuant to the 1 year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1] Kimberly Whitley is currently the Warden at the Frankfort Career Development Center, where Newcomb is currently housed, and is thus the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. This Court hereby substitutes Whitley as the respondent.

Petitioner responded to the Motion to Dismiss arguing that statutory and/or equitable tolling should apply to toll the statute of limitations due to the lack of necessary legal materials, including a copy of the AEDPA, at the Western Kentucky Correctional Complex ("WKCC") law library, where the Petitioner was housed.

On June 29, 2007, the Magistrate Judge issued a Report and Recommendation finding that the Petitioner was entitled to statutory and equitable tolling of the statute of limitations due to lack of access to adequate legal materials while housed at WKCC. Thus, the Magistrate Judge determined that Respondent's Motion to Dismiss should be denied.

On July 9, 2007, the Respondent filed three specific objections to the Report and Recommendation. They are addressed below.

## II. ANALYSIS

### A. ACCOUNTING FOR TIME TO SEEK REVIEW IN U.S. SUPREME COURT

Respondent objects to the portion of the Report and Recommendation which states:

> Because Petitioner had a properly filed state post-conviction motion pending when the impediment was removed, the limitations period would be tolled until November 16, 2005, when the Kentucky Supreme Court denied discretionary review of his Ky. R. Crim. P. 11.42 motion. See 28 U.S.C. § 2244(d)(2). After accounting for the time to seek relief in the United States Supreme Court, Petitioner's one-year limitations period did not actually begin to run until February 14, 2006. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), cert. denied, 541 U.S. 1070 (2004) (statute is tolled during the ninety days after the state supreme court's decision during which time a defendant could have petitioned the Supreme Court for review).
> [Rec. No. 24, Report and Recommendation, pgs. 7-8].

Respondent cites a recent United States Supreme Court opinion as support for its argument that the ninety day period for which Petitioner could have sought relief in the United States Supreme Court should not toll the statute of limitations. In *Lawrence v. Florida*, --- U.S. ---, 127 S.Ct. 1079, 1082-83, --- L.Ed.2d --- (2007), the court held that the AEDPA 1 year statute of limitations is not

2

tolled during the pendency of a petitioner's petition for writ of certiorari in the United States Supreme Court seeking review of the denial of state postconviction relief. The court stated:

> Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. As we stated in *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (internal quotation marks omitted), a state postconviction application "remains pending" "until the application has achieved final resolution through the State's postconviction procedures." This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.

*Lawrence*, 127 S.Ct. at 1083.

Based on the Supreme Court's decision in *Lawrence*, it appears that the Magistrate Judge erred in accounting for the time to seek relief in the United States Supreme Court. However, this error does not change the final result, the Petitioner's instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is timely pursuant to statutory tolling. The 1 year statute of limitations began to run on November 16, 2005, when the Kentucky Supreme Court denied discretionary review. Petitioner filed his petition for writ of habeas corpus on October 12, 2006, which is within the 1 year limitations period.

### B. STATUTORY TOLLING AND THE BURDEN OF PROOF

Respondent asserts that the Magistrate Judge erred in placing the burden on Respondent when the burden should have been placed on the Petitioner to prove statutory tolling was applicable. The Respondent also argues in a footnote that the Magistrate Judge erred in tolling the period when the Petitioner's conviction became final and the time when he obtained access to Westlaw. Respondent alleges that the Petitioner was incarcerated in a facility other than WKCC for

3

approximately seventeen days following his conviction. Respondent argues that the Petitioner failed to allege that the prior facility did not contain an adequate law library, thus, the time spent at the prior facility should not be tolled. However, Respondent is mistaken. In his Response to the Motion to Dismiss, the Petitioner states the following:

> When Petitioner came into the Kentucky Corrections system, he spent time following his conviction at the Carroll County Detention Center and then at the state corrections assessment center at the Roederer Correctionai Compiex, Le Grange, Kentucky. For the brief time he was lodged in the county jail and the state correctional assessment center, Newcomb had no access to an adequate legal library. His first access to a law library came when Newcomb was transferred to the Western Kentucky Correctional Complex. (W.K.C.C.).
> [Rec. No. 16, Response, pg. 1].

Petitioner alleged that the prior facilities in which he was incarcerated did not have adequate law libraries, thus, Respondent's objection is without merit.

Respondent further argues that the Magistrate Judge erred in placing the burden on Respondent when the burden should have been placed on the Petitioner to prove statutory tolling was applicable. As stated in the Magistrate Judge's report, in order to prove statutory tolling, *"the prisoner* must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)(emphasis added). Thus, the Magistrate Judge recognized that the burden was on the Petitioner to prove statutory tolling.

The Petitioner filed a response detailing his lack of access to a copy of the AEDPA and other updated federal materials. Petitioner also submitted two letters sent to prison authorities explaining the lack of updated legal materials. [Rec. No. 23, Exhibits 2 & 3]. Furthermore, Petitioner submitted a letter from prison authorities regarding the law library. [Rec. No. 23, Exhibit 4]. The letter explained that the prison lacked adequate space for all the law books.

At the Court's direction, the Respondent filed a Reply to Petitioner's Response. The Respondent argued that even if the law library lacked a copy of the AEDPA, the library did contain sufficient materials for petitioner to file his habeas corpus petition. As evidence of the sufficiency of the law library, Respondent submitted numerous documents, including the policy of the prison to provide inmates access to federal law, affidavits of various prison employees, and inventories of the law library. The inventories are difficult to interpret and provide little guidance to the court in determining whether or not the Petitioner was prevented from filing his habeas petition due to lack of access to necessary legal materials.

The Court also points out that the current motion before the Court is a motion to dismiss filed by the Respondent. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).

The Court finds that the Magistrate Judge properly placed the burden on the Petitioner to prove statutory tolling, thus, the portion of the Report and Recommendation finding that the Petitioner is entitled to statutory tolling is adopted as the opinion of this Court.

### C. EQUITABLE TOLLING

Respondent argues that the Magistrate Judge's report wrongly places the burden on the Respondent to prove equitable tolling. the Magistrate Judge analyzed the doctrine of equitable tolling

5

and determined that Petitioner was entitled to such tolling. However, since the Court has determined that statutory tolling applies in this case, the Court finds it unnecessary to determine whether or not equitable tolling is applicable. Thus, the Court expresses no opinion on the issue of whether or not the Petitioner is entitled to equitable tolling.

### III. CONCLUSION

Accordingly, the Court hereby ORDERS as follows:

(1)  the Magistrate Judge's Report and Recommendation (Rec. No. 32) is hereby MODIFIED to find that the ninety day period for which Petitioner could have sought relief in the United States Supreme Court did not toll the statute of limitations and the Court expresses no opinion as to whether or not the Petitioner is entitled to equitable tolling;

(2)  the Report and Recommendation is otherwise ADOPTED as the Opinion of this Court; and

(3)  the Respondent's Motion to Dismiss (Rec. No. 14) is DENIED.

This the 28th day of September, 2007.



Signed By:
*Karen K. Caldwell*
United States District Judge