UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-71-KKC

RODNEY LEWIS NEWCOMB, PETITIONER,

V. **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

JOHN MOTLEY,[1] RESPONDENT.
Warden, Eastern Kentucky Correctional Complex

## I. INTRODUCTION

Petitioner, Rodney Lewis Newcomb, was convicted in the Carroll Circuit Court of multiple drug-related offenses, as well as escape in the second degree, and being a persistent felony offender in the first degree; he was sentenced to twenty-five (25) years imprisonment. Currently incarcerated at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky, the Petitioner has challenged his conviction by filing, pro se, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1].

The parties have fully briefed the relevant issues and the petition for writ of habeas corpus is now ripe for review. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (B)(1)(B). For the reasons stated herein, the undersigned recommends that Rodney Lewis Newcomb's petition for writ of habeas corpus be denied.

---

[1] John Motley is the Warden at the Eastern Kentucky Correctional Complex, where the Petitioner is currently housed [R. 32], and thus is the proper respondent in this action. See Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254.

## II. FACTUAL & PROCEDURAL HISTORY

The Petitioner in this action is Rodney Lewis Newcomb; he seeks a writ of habeas corpus based on his convictions in Carroll Circuit Court actions No. 99-CR-66 and No. 99-CR-77. The facts underlying these convictions were summarized by the Kentucky Court of Appeals as follows:

> With the assistance of a confidential informant (CI), a Kentucky State Police (KSP) detective conducted a controlled drug buy from Newcomb on August 6, 1999, in Carrollton. A post-arrest search of Newcomb and his vehicle yielded marijuana, crack cocaine, pills, $617 in cash, drug paraphernalia, and a cellular telephone.
>
> Newcomb was at the Carroll County Courthouse, awaiting the return of the indictment relating to the first arrest, when he was arrested on a probation and parole detainer issued by his parole officer. While in the custody of the Carroll County Sheriff, Newcomb asked and was permitted to use the restroom after emptying the contents of his pockets, which included a bottle of a liquid substance which later was analyzed and determined to be cocaine. Newcomb then escaped, was chased out of the courthouse, and was seized blocks away. Newcomb's vehicle was impounded and a search warrant was issued for its search, resulting in the discovery of the marijuana, pills, and drug paraphernalia which served as the basis for the second indictment against him. On December 13, 1999, Newcomb entered guilty pleas to charges listed in both indictments, and he was sentenced to a total of twenty-five years' imprisonment.

[R. 28, Attach. 8, Newcomb v. Commonwealth, Nos. 2002-CA-2336-MR & 2002-CA-2367-MR, at 6-7 (hereinafter "Court of Appeals")]. The Petitioner entered pleas to multiple drug offenses and escape in the second degree; he also pled guilty in 99-CR-66 to one charge of being a persistent felony offender in the first degree. [R. 28, Attach. 5, at 16-18]. In exchange for the guilty plea, the Commonwealth moved to dismiss one charge of possession, and the persistent felony offender charge in 99-CR-77. [R. 28, Attach. 5, at 21].

After pleading guilty, on August 5, 2002, the Petitioner filed an RCr 11.42 motion in Carroll Circuit Court, alleging that he received ineffective assistance of counsel. [R. 28, Attach. 6, at 4-28]. The circuit court denied Petitioner's motion for an evidentiary hearing, and denied his motion for

RCr 11.42 relief. [R. 28, Attach. 8, at 2]. The Kentucky Court of Appeals affirmed in an unpublished opinion. [R. 28, Court of Appeals, 5-17].

On October 12, 2006, the Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Kentucky. [R. 1]. After briefing by the parties, on June 29, 2007, this Court entered a Report and Recommendation which recommended that the Respondent's first motion to dismiss be denied. [R. 24]. After the District Court modified and adopted the Report and Recommendation, [R. 26], the Respondent filed a second motion to dismiss, and in the alternative, a motion for summary judgment. [R. 28]. The parties having fully briefed said motion, the matter is now ripe for review.

### III. APPOINTMENT OF COUNSEL

As a preliminary matter, the Court has construed the Petitioner's Response, [R. 33], to include a motion for the appointment of counsel. This Court denied the Petitioner's earlier motions for appointment of counsel. [R. 6]. The applicable statutory basis for appointment of counsel for prisoners seeking habeas corpus relief under 28 U.S.C. § 2254 is found in 18 U.S.C. § 3006A. That section permits such appointments only "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, the appointment of counsel under this statute "is within the court's discretion." Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996). In this case, the Petitioner has not shown that the issues presented are of a factual or legal complexity that would warrant the appointment of counsel. Petitioner thus having failed to persuade the undersigned that "the interests of justice" require the appointment of counsel, Petitioner's motion to appoint counsel [R. 33] shall be denied.

3

IV. STANDARD OF REVIEW

The Petitioner brings this action without the benefit of counsel. A pro se petitioner's pleadings are held to a less stringent standard than pleadings drafted by attorneys. Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 231 (6th Cir. 2006). This Court has, therefore, liberally construed the Petitioner's pleadings, in order to determine whether his pleadings "encompass any allegation stating federal relief." Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs cases where an individual petitions for a writ of habeas corpus based on a conviction in state court. It provides that a writ of habeas corpus:

> ...on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The system set forth in AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693-94 (2002).

Under § 2254(d)(1), this Court may grant a writ of habeas corpus under either the "contrary to" or "unreasonable application" clauses. In order to be "contrary to" federal law, the state court result must be "substantially different" from Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405, (2000). A state court decision may also be "contrary to" federal law "if the state court

confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Id. at 406. A writ may be granted under the "unreasonable application" clause "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. When determining whether a state court's decision was reasonable, the courts use an objective standard. Gillard v. Mitchell, 445 F.3d 883 (6th Cir. 2006), *citing* Williams at 409-11.

AEDPA also provides the relevant standard of review for factual determinations made by state courts:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). In addition to being entitled to a presumption of correctness, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

## V. ANALYSIS

The Petitioner claims that his conviction should be overturned as a result of several errors: (1) ineffective assistance of counsel; (2) his guilty plea was not voluntary; (3) failure to grant an evidentiary hearing or appoint post-conviction counsel; and (4) cumulative error.

In addition to the claims listed above, the Petitioner asserts a claim of actual innocence, based on the fact that "but for counsel's deficient performance, and the states violation in obtaining the

5

evidence that he would not have been convicted and no juror would have found him guilty." [R. 1 at 27]. In the context of a habeas proceeding, "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624-25 (1998) (internal citation and punctuation omitted). The Petitioner has not brought forth any new evidence that would make it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). Rather, he simply asserts that he would not have been convicted but for the alleged deficiency of his attorney, and the fact that evidence against him should have been suppressed. As discussed *infra*, none of these allegations are meritorious. The Petitioner has not made the exceptional showing necessary for this Court to proceed further with his claim of actual innocence and it is, therefore, rejected.

Prior to addressing the merits of the individual claims, this Court will also consider whether any of the claims have been procedurally defaulted. Procedural default bars a federal court from hearing a Petitioner's claims if he has failed to properly bring the claims before the state courts. A claim may become procedurally defaulted in two ways:

> First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.
> ...
> Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures.

Williams v. Anderson, 460 F.3d 789, 805-06 (6th Cir. 2006) (internal citations and punctuation omitted). Though a court normally will not address a defaulted claim, there is Supreme Court precedent which indicates that a habeas court need not address the procedural default issue before ruling against a petitioner on the merits. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

6

Turning to the specific claims presented herein, the Court finds that none of the arguments raised by the Petitioner are meritorious, and several of them are procedurally defaulted. The Court will address his arguments in turn.

**A. Ineffective Assistance of Counsel**

The primary arguments put forth by the Petitioner involve ineffective assistance of counsel. The Petitioner claims that his trial counsel was ineffective for several reasons: (1) failing to make motions to suppress regarding both a taped telephone conversation and evidence seized in a search of Petitioner's automobile; (2) failing to challenge the Petitioner's arrest, as the parole violation warrant was "faulty;" and (3) failing to challenge the validity of the charges contained within the indictment, as there was insufficient evidence to support the charges. [R. 1].

The general test for ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). In order to prove that defense counsel's performance was so deficient that the defendant's conviction should be reversed, a defendant must show two things: first, that defense counsel's "representation fell below an objective standard of reasonableness;" Id. at 688, and second, that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, in order to succeed on a habeas corpus claim for ineffective assistance of counsel, AEDPA requires the Petitioner to show that the Kentucky Court of Appeals' decision against the Petitioner was an "objectively unreasonable" application of Strickland. Bell v. Cone, 535 U.S. 685, 699 (2002). The Petitioner's ineffective assistance of counsel arguments will be examined in order to determine whether the Kentucky Court of Appeals was objectively unreasonable in their application of Strickland to his claims.

*(1) Failure to Move for Suppression of Evidence*

First, the Petitioner claims that his attorney should have moved to suppress the information gathered when the Kentucky State Police recorded a phone conversation between the Petitioner and a confidential informant. He claims that the wiretap violated the Fourth Amendment, as well as 18 U.S.C. § 2512(1)(a), which prohibits the interstate transfer of devices for the "surreptitious interception of wire, oral, or electronic communications." Id. The Court of Appeals ruled against the Petitioner, holding that the Fourth Amendment is not violated when the government records a conversation with the consent of an informant. Furthermore, they held that the Kentucky State Police fell within an exception to § 2512(1)(a), which permits law enforcement to engage in conduct that would otherwise fall within the statute. See 18 U.S.C § 2512(2)(b).

The Court of Appeals correctly applied federal law regarding this kind of search. They cited an earlier Kentucky case, which held that such a search does not violate the Fourth Amendment. See Carrier v. Commonwealth, 607 S.W.2d 115 (Ky. App. 1980). See also, United States v. Hodge, 539 F.2d 898 (6th Cir. 1976). The Court of Appeals correctly found that there was no ineffective assistance of counsel for failing to move to suppress this information, since the evidence was not gathered in an illegal search.

The Petitioner's related claim is that his counsel was ineffective for failing to move to suppress evidence gathered in a search of the Petitioner's automobile. He claims that the affidavit was insufficient to support probable cause, and that the judge who issued the search warrant was not a neutral and detached magistrate. [R. 1 at 14-15]. The Kentucky Court of Appeals found that the lower court's probable cause determination was acceptable under Supreme Court precedent such as Texas v. Brown, 460 U.S. 730 (1983), and that the Petitioner was also not entitled to relief on the

8

claim that the issuing judge was biased.

The Kentucky Court of Appeals correctly applied federal law on both of these issues. The Supreme Court has repeatedly stated that probable cause is a "flexible, common-sense standard." Id. at 742. When examining the evidence before the lower court, the Court of Appeals found that there were sufficient facts to support a finding of probable cause, and therefore it was not ineffective assistance of counsel for failing to move to suppress the evidence. Furthermore, the court examined precedents such as Coolidge v. New Hampshire, 403 U.S. 443 (1971) and Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979), and determined that there was no evidence of "judicial partiality" which would invalidate the issuance of the warrant. [R. 28, Court of Appeals at 12]. These determinations were correct, and certainly do not rise to the objectively unreasonable application of federal law that is necessary to support issuing a writ of habeas corpus.

*(2) Failure to Challenge Warrant*

The Petitioner claims that his attorney was ineffective for failing to challenge the validity of the parole violation warrant, which the Petitioner claims was "faulty." [R. 1 at 18]. He asserts that the warrant was not valid under Kentucky law, including Kentucky Rule of Criminal Procedure 2.02, K.R.S.§ 439.430(1), and various sections of state corrections policy and procedure. The Kentucky Court of Appeals found that "as the record in fact shows that a probation and parole detainer was issued for Newcomb's arrest before the courthouse arrest occurred, Newcomb's contention is without merit." [R. 28, Court of Appeals at 16].

As a general rule, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Bey v. Bagley, 500 F.3d 514, 519 (6th Cir. 2007) *citing* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Kentucky Court of Appeals determined that the

9

Petitioner's arrest on the probation and parole detainer was proper under state law. The Petitioner presents no argument that this arrest was violative of the United States Constitution, other than that the failure to challenge the arrest was ineffective assistance of counsel. Faced with the fact that the Kentucky courts have determined that the arrest was proper under Kentucky law, this Court cannot find that Petitioner's counsel was ineffective for failing to challenge the arrest. The Court of Appeals determination of this issue was not an unreasonable application of Strickland, or any other clearly established federal law.

*(3) Failure to Challenge Validity of Charges*

Petitioner argues that his attorney was ineffective for failing to challenge the validity of the charge of escape in the second degree, and advising him to plead guilty to the charge. [R. 1 at 12]. The Kentucky Court of Appeals made the following finding regarding this argument:

> Newcomb contends counsel provided ineffective assistance by advising him to plead guilty to second-degree escape, which occurs when a person who is 'charged with or convicted of a felony, ... escapes from custody.' K.R.S. 520.030. However, since a paroled defendant continues to be held on the felony charge(s) which underlies the parole and Newcomb escaped from custody while on parole for a felony conviction, it follows that the escape charge against him was not inappropriate.

[R. 28, Court of Appeals at 9-10 (internal citation omitted)]. As noted above, "a state court's interpretation of state law...binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam). The Kentucky Court of Appeals determined that the charge of escape in the second degree was not inappropriate under Kentucky law, and this Court, sitting in habeas review, cannot disturb this finding. Since it has been determined that, as a matter of state law, the escape charge was appropriate, counsel cannot be found ineffective for failing to challenge the charge, or for advising the Petitioner to plead guilty to the charge.

10

The Petitioner has also alleged that his attorney was ineffective for failing to attempt to get the trafficking and possession charges consolidated, as possession is a lesser included offense under Kentucky law. [R. 33 at 5]. Petitioner cites no federal law to support his contention that this amounts to ineffective assistance of counsel. The Kentucky Court of Appeals found that there was no ineffective assistance of counsel for failing to move to consolidate, as the possession charge was dismissed prior to the Petitioner's guilty plea. [R. 28, Court of Appeals at 16]. This finding does not represent an objectively unreasonable application of Strickland, and does not warrant habeas relief in the present action.

**B. Involuntary Guilty Plea**

The Petitioner argues that his guilty plea was involuntary, primarily due to the ineffective assistance of his attorney. [R. 1 at 19-22]. Though the Petitioner raised the ineffective assistance of counsel arguments at the Kentucky Court of Appeals, he did not present that court with the claim that his guilty plea was involuntary. The Respondent argues that the failure to raise this issue at the state level constitutes procedural default. [R. 27 at 33]. "[A] Petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) *citing* O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999). The record reveals that the Petitioner did not raise the issue of an involuntary guilty plea at the state court level, and therefore this Court finds that the issue is procedurally defaulted.

**C. Failure to Grant Evidentiary Hearing or Appoint Counsel**

The Petitioner claims that his constitutional rights were violated when the state courts failed to grant him an evidentiary hearing, and refused to appoint him counsel for his RCr. 11.42 motion.

11

The Kentucky Court of Appeals held that the trial court did not err under Kentucky law by refusing to grant the Petitioner an evidentiary hearing, and by failing to appoint counsel for his RCr 11.42 motion. [R. 28, Court of Appeals at 12-13]. The Respondent correctly asserts that the Kentucky Court of Appeals' decision regarding the application of RCr 11.42 is non-reviewable determination of state law, and that decision will not be disturbed.

As to the Petitioner's federal argument,[2] there is no clearly established constitutional right to either an evidentiary hearing or appointment of counsel during collateral post-conviction proceedings. In fact, courts have repeatedly held that there is no absolute constitutional right to an evidentiary hearing in collateral post-conviction proceedings, either at the state or federal level. See, Schriro v. Landrigan, 127 S. Ct. 1933 (2007); Reynolds v. Bagley, 498 F.3d 549 (6th Cir. 2007). Furthermore, the courts have held that there is no right to appointed counsel in state collateral post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001). The decision of the Kentucky Court of Appeals, denying the Petitioner's claims of entitlement to a hearing and appointment of counsel, was neither contrary to, nor an unreasonable application of, clearly established federal law.

**D. Cumulative Error**

The Petitioner's final argument is essentially a cumulative error argument, which largely restates grounds previously raised. [R. 1 at 30]. The Respondent notes that this ground was not raised

---

[2] The Respondent contends that the Petitioner's failure to raise the federal issue below means that his argument on these issues is procedurally defaulted. [R. 27 at 33-34]. The Petitioner did not make an express federal argument at the state-court level, though he did cite federal case law and general notions of due process in support of his position. [R. 28, Attach. 11, Petitioner's Brief at Kentucky Court of Appeals, at 3-4]. Liberally construing the Petitioner's pro se pleadings, this Court finds that the Petitioner fairly presented the issue at the state-court level and Court will proceed to the merits of the Petitioner's claim.

at the Kentucky Court of Appeals, and is therefore procedurally defaulted. [R. 27 at 35]. This Court finds that the Petitioner's failure to raise the cumulative error argument at the state-court level means that the claim is procedurally defaulted. Further, "the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." Lorraine v. Coyle, 291 F.3d 416, 447 (6th Cir. 2002). The Petitioner is not entitled to relief on this claim.

## VI. CONCLUSION

Accordingly, and for the reasons stated above, the Court has construed the Petitioner's Response to include a Motion for the Appointment of Counsel, which is hereby DENIED. Furthermore, it is hereby recommended that the petition for writ of habeas corpus [R. 1] be denied and this action be dismissed with prejudice.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed April 7, 2008.



Signed By:
*Edward B. Atkins* EBA
**United States Magistrate Judge**